875 F.2d 862
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth D. CALEY, Plaintiff-Appellant,
v.
Robert BROWN, Jr., Director, Michigan Department of
Corrections; Perry M. Johnson, Deputy Director, Bureau of
Field Service, Michigan Department of Corrections, William
J. Hudson, Chairman, Michigan Parole Board, Defendants-Appellees.
 No. 88-1383.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1989.
 
 Before MERRITT and MILBURN, Circuit Judges and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se prisoner appeals the district court's judgment granting defendants' motion to dismiss his civil rights case filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In this suit against officials of the Michigan Department of Corrections and the Michigan Parole Board, plaintiff challenged the constitutionality of a policy which allowed for the calculation of parole eligibility of Michigan prisoners presently serving concurrent federal sentences. Because no similar policy existed for out-of-state prisoners with concurrent Michigan sentences, such as the plaintiff, he alleged that he was being denied equal protection. He sought declaratory and injunctive relief as well as compensatory and punitive damages.
 
 
 3
 The magistrate recommended that defendants' motion to dismiss be granted, concluding that plaintiff lacked standing to challenge the policy applied to federal prisoners, citing Warth v. Seldin, 422 U.S. 490, 498-99 (1975). It was also concluded that plaintiff had not sustained the burden of proving that the policy in question was not rationally related to a legitimate state interest. See Minnesota v. Clover Leaf Creamery Co., 449 U.S. 456, 464 (1981). The district court adopted this recommendation over plaintiff's objections.
 
 
 4
 Upon consideration, we conclude that dismissal of this action was proper, as plaintiff could prove no set of facts which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Accordingly, we affirm the district court's judgment for the reasons stated in the magistrate's report and recommendation and as adopted by the district court. Rule 9(b)(5), Rules of the Sixth Circuit.